UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x
BRENDEN LAMOTHE,

                    Plaintiff,

    -against-                          MEMORANDUM & ORDER

NYC NYPD, LIEUTENANT MATTHEW        17-CV-5992 (ENV)(VMS)
CAHILL, OFFICER JORGE CASTRO, OFFICER
JONATHAN TAVERAS, and
THE CITY OF NEW YORK,

                    Defendants.
----------------------------------------------------------------- x
VITALIANO, D.J.

    *Pro se* plaintiff Brenden Lamothe filed this action against defendants the New York City Police Department ("NYPD"), the City of New York (the "City"), Lieutenant Matthew Cahill, Officer Jorge Castro, and Officer Jonathan Taveras, alleging violations of his constitutional rights, a lawsuit permitted by 42 U.S.C. § 1983.[1] Compl., Dkt. 1, *see also* Dkts. 17, 18. Defendants move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[2]

---

[1] Although the complaint names both NYPD and the City as defendants, NYPD is not a proper defendant. The New York City Charter requires actions against city agencies to be "brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Admin. Code & Charter Ch. 17 § 396. This is not one of those exceptions. In other words, since NYPD "is a non-suable agency of the City," any suit regarding NYPD conduct must be brought against the City of New York instead. *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Lopez v. Zouvelos*, No. 13-CV-6474 (MKB), 2014 WL 843219, at *2 (E.D.N.Y. Mar. 4, 2014) (dismissing all claims against NYPD as a non-suable entity).

[2] At the time of the filing of the motion, the individual defendants had not yet been served, but the City noted in its motion papers that it might "eventually represent the individual police officers." *See* Dkt. 21 at 1 n.1. The individual defendants were subsequently served, and, on May 6, 2019, represented by the City, requested that the Court deem the motion to dismiss as having been made on behalf of all defendants. *See* Dkt. 37. The Court finds that this request

1

*See* Dkts. 19, 37. For the reasons set forth below, the motion is granted.

## Background

The facts outlined here are taken from the complaint and other materials referenced in it. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002). All factual statements alleged in plaintiff's pleadings are taken as true and all reasonable inferences are drawn in his favor. *Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.*, 517 F.3d 104, 115 (2d Cir. 2008).

In the early morning hours of May 8, 2016, Lamothe was riding in a livery taxicab in Brooklyn's Brownsville neighborhood, when three plainclothes NYPD officers in an unmarked car pulled the taxicab over. Compl. at 4, 11.[3] Lamothe asserts that he "did not consent to a search and seizure but was pulled out of the taxi for no reason and was subjected to an illegal search and seizure with no probable cause other than the fact that [he is] African-American." *Id.* at 4. Lamothe's complaint makes no factual showing as to what actually happened next, but does allege that, at a subsequent hearing in Kings County Supreme Court, the presiding judge "stated on [the] record that the stop was racially motivated." *Id.* Nevertheless, Lamothe contends, the judge "still failed to suppress any evidence" or dismiss the charges that had been filed against him arising out of the stop. *Id.* According to Lamothe, one of the arresting officers testified falsely at the hearing, providing testimony that "did not corroborate" the officer's grand jury testimony. *Id.* at 4-5. The complaint, however, is silent as to the subject matter of the

---

bears no risk of prejudice to plaintiff. Accordingly, the motion to dismiss is considered as to all defendants.
[3] The page numbers cited here reference the complaint's ECF pagination.

testimony and the nature of the claimed false statements.

Despite the trial court's supposed criticism of the criminal process in his case, Lamothe pled guilty to the formal charges that resulted, which the complaint fails to specify or detail. Plaintiff represents that he "felt [coerced]" to plead guilty, because, switching targets, his criminal defense lawyer, Mike Ciobella, who he says has "personal ties to the NYPD," failed to defend Lamothe "to the best of his ability." *Id.* at 5. With that backdrop, Lamothe frames his arrest as the latest incident in a history of harassment at the hands of NYPD, including a prior wrongful arrest for crimes of which he was acquitted. As a result, Lamothe claims that he feels like "a second class citizen." *Id.* Lamothe further grieves that "the ongoing harassment" and violation of his constitutional rights has caused him to miss the opportunity to spend time with his newborn child, and has caused him to experience depression, emotional instability, paranoia, anxiety and post-traumatic stress disorder. *Id.* at 5, 10. Lamothe seeks $100 million in damages— "a fair amount," in his words. *Id.* at 5.

The gaps in this story are filled in, to some extent, by defendant's submission of the Certificate of Disposition regarding Lamothe's guilty plea, as well as a partial transcript of his plea hearing.[4] *See* Dkts. 20-4 (Certificate of Disposition); 20-5 (Hr'g Tr.). Lamothe pleaded guilty to one count of criminal possession of a firearm in Kings County Supreme Court, on July

---

[4] The Court considers these documents because they are incorporated by reference into the complaint and stem from state proceedings of which judicial notice may be taken. *See McKiver v. City of New York*, No. 17-CV-4411 (GBD)(KHP), 2018 WL 3543906, at *1 n.1 (S.D.N.Y. Feb. 16, 2018) (considering plea allocution where complaint incorporated guilty plea by reference), *R&R adopted*, 2018 WL 3628840 (S.D.N.Y. July 23, 2018); *Harris v. Nassau Cnty.*, No. 13-CV-4728 (NGG)(ST), 2016 WL 3023265, at *3 (E.D.N.Y. May 23, 2016) (courts may take judicial notice of "arraignments, arrest reports, criminal complaints and indictments, and certificates of disposition").

3

18, 2017, and was sentenced to a term of one year in prison, on September 8, 2017. *Id.*

On October 3, 2017, Lamothe filed the instant action in the Southern District of New York, which transferred the matter to this District the following day. *See* Oct. 4, 2017 Transfer Order. His motion to proceed *in forma pauperis* was granted on January 2, 2018. On May 25, 2018, the City filed the instant motion, which plaintiff has not formally opposed.

## Standard of Review

In order to survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). This "plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). On a Rule 12(b)(6) motion, a court must accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the nonmoving party. *Vietnam Ass'n for Victims of Agent Orange*, 517 F.3d at 115.

Of course, where a plaintiff proceeds *pro se*, the district court must read the complaint liberally, affording the pleadings the strongest interpretation possible. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007). Moreover, especially given this solicitude, a court must consider the merits of a motion to dismiss even where it is unopposed, as a plaintiff's failure to respond does not warrant automatic dismissal if the complaint states a claim upon which relief can be granted. *McCall v. Pataki*, 232 F.3d 321, 322-23 (2d Cir. 2000). While a *pro se* plaintiff should be given the opportunity to amend the pleadings at least once, the Court need not provide such leave where amendment would be futile. *See Hill v. Curcione*, 657

4

F.3d 116, 123-24 (2d Cir. 2011) (upholding denial of leave to amend).

## Discussion

The nub of his grievance, as Lamothe asserts, is that he was stopped and searched without probable cause, solely on the basis of his race, then arrested and subjected to criminal charges predicated in part on a police officer's false testimony. He also alleges that he has been repeatedly targeted by NYPD through such incidents. A liberal reading of these allegations suggests claims for false arrest, malicious prosecution, selective enforcement, illegal search and seizure, denial of the right to a fair trial, and municipal liability.[5] Defendants argue, *inter alia*, that Lamothe's claims are barred by the *Heck* doctrine and that he otherwise fails to state a claim.

A.  *Heck* Doctrine

In *Heck v. Humphrey*, the Supreme Court held that a plaintiff seeking damages under § 1983 "for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid . . . must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into

---

[5] Defendants do not construe Lamothe's complaint to raise claims for illegal search and seizure and selective enforcement, but the Court's reading does. Lamothe asserts that he was stopped and searched without probable cause, in violation of the Fourth Amendment, thereby alleging illegal search and seizure. *See Terry v. Ohio*, 392 U.S. 1, 22, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968) (stop must be justified by probable cause or a reasonable suspicion, based on specific and articulable facts, of unlawful conduct); *Katz v. United States*, 389 U.S. 347, 352, 88 S. Ct. 507, 19 L. Ed. 2d 576 (1967) (individual in taxicab "may rely upon the protection of the Fourth Amendment"). He also alleges "that a 'facially neutral law'–the New York Vehicle and Traffic Code–'has been applied in an intentionally discriminatory race-based manner,'" thereby alleging selective enforcement/racial profiling. *Aikman v. Cnty. of Westchester*, 491 F. Supp. 2d 374, 383 (S.D.N.Y. 2007) (allowing selective enforcement claim based on traffic stop to proceed where plaintiff alleged "that his rights were infringed and he was harmed because of his race").

question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). Under *Heck*, the district court must "consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

As a matter of law, Lamothe's guilty plea establishes probable cause for his arrest and prosecution, which is a complete defense against claims for false arrest and malicious prosecution. *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (noting that probable cause to arrest "constitutes justification" and is "complete defense" to false arrest); *Cameron v. Fogarty*, 806 F.2d 380, 387 (2d Cir. 1986) ("[T]he common-law rule, equally applicable to actions asserting false arrest, false imprisonment, or malicious prosecution, was and is that the plaintiff can under no circumstances recover if he was convicted of the offense for which he was arrested."). Put differently, his success on such claims requires the absence of probable cause, a finding of which would imply the invalidity of his conviction. Since Lamothe fails to show that his conviction has been called into question in any way, whether through appellate review, a writ of habeas corpus, or executive action, his false arrest and malicious prosecution claims are barred by *Heck*. *See Younger v. City of New York*, 480 F. Supp. 2d 723, 730 (S.D.N.Y. 2007) (dismissing claims for false arrest and malicious prosecution on *Heck* grounds in light of plaintiff's undisturbed conviction pursuant to guilty plea); *Magnotta v. Putnam Cnty. Sheriff*, No. 13-CV-2752 (GBD)(GWG), 2014 WL 705281, at *5 (S.D.N.Y. Feb. 24, 2014) (noting that *Heck* applies whether conviction obtained pursuant to trial or guilty plea).

Plaintiff's remaining claims, apart from his *Monell* claim, crumble for the same reasons. Since "the Constitution forbids convictions that are the result of racially motivated enforcement

6

decisions," his claim for selective enforcement, which "would necessarily undermine the validity of [his] conviction" if successful, is barred. *See Parks v. New York City Police Dep't*, No. 00-CV-2564 (JG), 2000 WL 1469574, at *2 (E.D.N.Y. Aug. 24, 2000) (dismissing selective enforcement claim under *Heck*). As to his illegal search and seizure and fair trial claims, Lamothe alleges that an officer testified falsely at a suppression hearing arising out of the challenged search, and that, following the denial of his suppression motion, he pleaded guilty. Thus, because success on these claims would imply the invalidity of his conviction, they, too, are barred.[6] *See Duamutef v. Morris*, 956 F. Supp. 1112, 1116 (S.D.N.Y. 1997) (Sotomayor, J.) (dismissing *Heck*-barred claims resting on allegations of officer perjury); *Smalls v. City of New York*, 181 F. Supp. 3d 178, 185 (E.D.N.Y. 2016) (finding that fair trial claim "seeks to impugn the validity" of conviction); *Bailey v. City of New York*, 79 F. Supp. 3d 424, 455 (E.D.N.Y. 2015) (noting that falsification of evidence claims implying unlawfulness of valid conviction would be barred under *Heck*).

Accordingly, plaintiff's claims for false arrest, malicious prosecution, selective enforcement, illegal search and seizure, and denial of the right to a fair trial are dismissed.[7]

---

[6] Although a claim for illegal search and seizure may lie where "even if successful, [it] would not *necessarily* imply that the plaintiff's conviction was unlawful" in light of "doctrines like independent source and inevitable discovery, and especially harmless error," *Heck*, 512 U.S. at 487 n.7, those doctrines "are not applicable, where, as here, the entire evidentiary basis for the charged offense derives from a single episode involving a single search that is now being questioned as part of a § 1983 action," *Clayton v. City of Poughkeepsie*, No. 06-CV-4881 (SCR), 2007 WL 2154196, at *4 (S.D.N.Y. June 21, 2007).

[7] In light of its finding that *Heck* bars these claims, the Court need not reach defendants' remaining arguments.

Since repleading would be futile, leave to amend is denied.[8]

B.  *Monell* Liability

To establish municipal liability under § 1983, a plaintiff must show "(1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008) (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690-91, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)). A municipality "may only be held liable when the municipality itself deprives an individual of a constitutional right" through a policy or custom. *See Newton v. City of New York*, 566 F. Supp. 2d 256, 270-71 (S.D.N.Y. 2008); *see also Norton v. Town of Islip*, 97 F. Supp. 3d 241, 265 (E.D.N.Y. 2015) ("A claim premised on an official policy or custom cannot be sustained on one alleged violation."). This

---

[8] In light of Lamothe's self-represented status and the Court's obligation, in solicitude, to construe his papers liberally and raise his strongest defense to the motion to dismiss his complaint, it is observed that this case does not fall within the exception to *Heck* applied by courts in this circuit under certain circumstances where "the claimant is no longer in custody or otherwise cannot bring a habeas action." *Opperisano v. P.O. Jones*, 286 F. Supp. 3d 450, 458 (E.D.N.Y. 2018). That exception is limited to plaintiffs who were never in custody at all, or were in custody for such a brief period that habeas review was impracticable. *See Teichmann v. New York*, 769 F.3d 821, 828 (2d Cir. 2014) (Livingston, J., concurring) (exception applies only "when habeas was never reasonably available to the plaintiff through no lack of diligence on his part—that is, where an action under § 1983 was a diligent plaintiff's only opportunity to challenge his conviction in a federal forum"); *id.* at 830 (Calabresi, J., concurring) ("*Heck* does not bar § 1983 claims when habeas is unavailable, at least so long as the unavailability was not intentionally caused by the plaintiff."); *Leather v. Eyck*, 180 F.3d 420, 424 (2d Cir. 1999) (allowing § 1983 claims to proceed where plaintiff "is not and never was in the custody of the State" and thus had "no remedy in habeas corpus"). While Lamothe appears to have been released from custody, the fact that he chose to file this action while incarcerated rather than challenge his conviction through habeas review precludes any suggestion that such review was unavailable to him. *Cf. Barmapov v. Barry*, No. 09-CV-3390 (RRM)(RML), 2011 WL 32371, at *4 (E.D.N.Y. Jan. 5, 2011) (applying *Heck* exception where plaintiff filed suit following release from 90-day term of incarceration).

policy requirement may be shown by, *inter alia*, "a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware," or "a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal employees." *Galgano v. Cnty. of Putnam, New York*, No. 16-CV-3572 (KMK), 2018 WL 4757968, at *18 (S.D.N.Y. Sept. 28, 2018) (citation omitted).

Lamothe's solitary allegation that he has been "harassed" and "wrongfully accused of crimes by the NYPD," *see* Compl. at 6, cannot state a claim for municipal liability, even when read liberally. Since amendment of this claim would be futile, the opportunity to attempt amendment is denied. The motion to dismiss is, therefore, granted as to the *Monell* claim.

## Conclusion

In line with the foregoing, the motion to dismiss is granted as to all claims and all defendants.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of Court is directed to mail a copy of this Order to plaintiff, to enter judgment accordingly, and to close this case.

So Ordered.

Dated: Brooklyn, New York

May 10, 2019

/s/ USDJ ERIC N. VITALIANO
ERIC N. VITALIANO
United States District Judge